UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY DON JOHNSON, # 286979,            )
                                        )
            Plaintiff,                  )   Case No. 1:14-cv-199
                                        )
v.                                      )   Honorable Paul L. Maloney
                                        )
TIM KIPP,                               )
                                        )   **REPORT AND RECOMMENDATION**
            Defendant.                  )
_____)

This is a civil rights action brought *pro se* by a state prisoner under 42 U.S.C. § 1983. Plaintiff is an inmate at the St. Louis Correctional Facility (SLF). This lawsuit arises out of plaintiff's confinement in November 2012, at the Carson City Correctional Facility (DRF). The defendant is DRF's Deputy Warden, Tim Kipp. Plaintiff alleges that on November 24, 2012, defendant was deliberately indifferent to the risk that he would be assaulted by prisoner Pettus in violation of his rights under the Eighth Amendment's Cruel and Unusual Punishments Clause.[1] Plaintiff sues defendant in his individual and official capacities seeks declaratory relief and damages. (Complaint at 2, 7-8, Page ID 3, 10-11).

The matter is before the Court on defendant's motion for summary judgment. (docket # 39). Plaintiff has filed his response. (docket # 46). For the reasons set forth herein, I recommend that plaintiff's claim for declaratory relief be dismissed as moot. I recommend that plaintiff's claim for damages against defendant in his official capacity be dismissed with prejudice because it is barred by Eleventh Amendment immunity. I recommend that defendant's motion for summary judgment

---

[1] All other claims have been dismissed. (docket #s 5, 6).

be granted and that judgment be entered in defendant's favor on plaintiff's claim for damages against defendant in his individual capacity.

## Proposed Findings of Fact

The following facts are beyond genuine issue. Plaintiff is currently an inmate in the custody of the Michigan Department of Corrections (MDOC) at the St. Louis Correctional Facility (SLF). In November 2012, plaintiff was an inmate at the Carson City Correctional Facility (DRF). On November 3, 2012, plaintiff was assaulted by Prisoner Pettus in DRF's 500 Unit day room. (docket # 46-1, Page ID 131).

"At no time did [plaintiff] ever go to [prison custody] staff and ask them for protection." (Plf. Aff. ¶ 3, docket # 46-1, Page ID 138). On or about November 15, 2012, plaintiff sent a kite to Deputy Warden Timothy Kipp inquiring why prisoner Pettus had been released from administrative segregation. Plaintiff indicates that during his conversation with defendant Kipp on November 20, 2012, Kipp inquired as to the nature of plaintiff's problem with prisoner Pettus: " I thought this was over someone running [his] mouth? Was it not?" (Plf. Aff. ¶ 2, Page ID 138). Plaintiff does not specify his response, but he does concede that he never requested protective custody. (*Id.* at ¶ 3, Page ID 138).

On November 24, 2012, plaintiff was involved in another altercation with prisoner Pettus. During plaintiff's hearing on the class 1 misconduct charge against him for fighting, plaintiff admitted that he could have avoided the physical confrontation. After passing Pettus, plaintiff could have continued into the dining hall or he could have gone back to the gate area where corrections officers were present. Instead, plaintiff chose to turn around, approach prisoner Pettus and engage in mutual combat. A hearing officer found plaintiff guilty of the misconduct of fighting. (docket

# 40-1, Page ID 104-05).

Defendant Kipp was DRF's Deputy Warden of Housing and Programs. He was not DRF's Deputy Warden of Operations, the prison official responsible for segregation, custody issues and any Special Problem Offender Notice (SPON). Defendant Kipp was not the supervisor for the prison area where the fight which gave rise to this lawsuit occurred. (Kipp Aff. ¶¶ 1-3, docket # 40-2, Page ID 108).

## Discussion

### I. Mootness

Plaintiff is now an inmate at SLF. Defendant was employed at DRF. Plaintiff's claim for declaratory relief against defendant is moot. *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996).

### II. Eleventh Amendment Immunity

Plaintiff's claim for damages against defendant in his official capacity is barred by Eleventh Amendment immunity. The Eleventh Amendment bars suit in federal court against a state and its departments or agencies unless the state has waived its sovereign immunity or unequivocally consented to be sued. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Michigan has not consented to civil rights suits in federal court. *See Johnson v. Dellatifia*, 357 F.3d 539, 545 (6th Cir. 2004). A suit against a state officer in his or her official capacity is simply another way of pleading an action against the state. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *VIBO Corp. v. Conway*, 669 F.3d 675, 691 (6th Cir. 2012). Furthermore, states and their departments are not "persons" within the meaning of 42 U.S.C. § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. at 71. Defendant is entitled to dismissal with prejudice of

plaintiff's claim for monetary damages against him in his official capacity.

### III. Eighth Amendment

Plaintiff's claim against defendant Kipp stems from plaintiff's fight with prisoner Pettus and plaintiff's major misconduct conviction stemming from his participation in the fight. Not every injury suffered by one prisoner at the hands of another translates into constitutional liability of prison officials. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "'To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety.' " *Wood v. LeCureux*, 110 F.3d 1215, 1222 (6th Cir. 1997) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). The Eighth Amendment proscribes deliberate indifference by prison officials to an unreasonable risk of injury to prison inmates. *See Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986). In order to state an Eighth Amendment claim, two requirements must be met. First, "the deprivation alleged must be, objectively, 'sufficiently serious.' For a claim based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834; *Woods*, 110 F.3d at 1222. I will assume for analytical purposes that a reasonable trier of fact could find in plaintiff's favor on the objective component of his Eighth Amendment claim. *But see, Lytle v. Gebhart*, 14 F. App'x 675, 678-79 (7th Cir. 2001) (collecting cases where federal courts have found that the objective component is not satisfied by spontaneous episodes of prisoner-on-prisoner violence).

The second component of an Eighth Amendment claim is that the prison official have a sufficiently culpable state of mind. In *Farmer v. Brennan*, the Supreme Court held that the subjective element of a claim of deliberate indifference requires at least criminal recklessness. 511

U.S. at 839-40. "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows and disregards an excessive risk to inmate health or safety; the official must be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." 511 U.S. at 837.  No reasonable trier of fact could find in favor of plaintiff on this aspect of his claim against defendant Kipp.

### **Recommended Disposition**

For the foregoing reasons, I recommend that plaintiff's claim for declaratory relief be dismissed as moot.  I recommend that plaintiff's claim for damages against defendant in his official capacity be dismissed with prejudice because it is barred by Eleventh Amendment immunity.  I recommend that defendant's motion for summary judgment (docket # 39) be granted and that judgment be entered in defendant's favor on plaintiff's claim for damages against defendant in his individual capacity.


Dated:  August 24, 2015          /s/  Phillip J. Green
                                 United States Magistrate Judge


### **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008).  General objections do not suffice.  *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).