UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JERRY DON JOHNSON, # 286979,  )<br>    Plaintiff,    )<br>    )<br>-v-    )<br>    )<br>TIM KIPP,    )<br>    Defendant.    )<br>_____) | No. 1:14-cv-199<br><br>HONORABLE PAUL L. MALONEY |

**ORDER ADOPTING REPORT AND RECOMMENDATION; ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; AND ORDER DENYING MOTION FOR DISCOVERY**

Plaintiff Jerry Johnson, a prisoner under the control of the Michigan Department of Corrections, was twice assaulted by another prisoner. When the other prisoner was let out of segregation after the first assault, Johnson sent a kite to Defendant Kipp. After the second assault, Johnson filed this lawsuit. All claims except the ones against Defendant Kipp have been dismissed. Kipp filed a motion for summary judgment. (ECF No. 39.) The magistrate judge reviewed the motion and issued a report recommending the motion be granted. (ECF No. 50.) Johnson filed objections (ECF No. 56) and a motion for discovery (ECF No. 58).

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

The magistrate judge makes the following recommendations:

1. Declaratory relief is moot. Because Johnson has been transferred, the magistrate judge recommends Johnson's claim for declaratory relief against Kipp is moot. Johnson does not address this recommendation in his objections. Therefore, any claim for declaratory relief against Kipp is DISMISSED.

2. Eleventh Amendment. Johnson sued Kipp in Kipp's official and individual capacities. The magistrate judge recommends the claims against Kipp in Kipp's official capacity be dismissed because the claim is barred by the Eleventh Amendment. Johnson concedes this claim must be dismissed. Therefore, any claim against Kipp in his official capacity is DISMISSED.

3. Eighth Amendment. Johnson alleges that his conversation and kite were sufficient to inform Kipp of the danger Johnson faced from the other prisoner. Johnson alleges Kipp was deliberately indifferent because prison rules required Kipp to place a Special Problem Offender Notice (SPON) in the prison files. The SPON would then prevent Johnson and the other prisoner from coming into contact with each other. The magistrate judge found that the evidence in the record is insufficient to create a genuine issue of material fact on the subjective component of a claim under the Eighth Amendment. Kipp was not the prison official responsible for SPONs and was not the supervisor of the area where the second assault occurred. Johnson objects, pointing to the MDOC Policy Directive for SPONs.

The objection is OVERRULED. The prison rule on which Johnson relies for his objection requires only that staff members *initiate* a SPON "when specific reliable information" is brought to their attention[.]" MDOC PD 03.03.110E. But a SPON cannot be *issued* until a thorough investigation takes place. *Id.* 03.03.110F. Furthermore, a SPON cannot be issued "based solely on general allegations that are not supported by the investigation." *Id.* Finally, the Policy Directive identifies the prison officials with the

authority to issue a SPON. *Id.* 03.03.110G. Johnson's objections do not address the recommended factual findings of the magistrate judge. Johnson's authority, the Policy Directive, does not require a different outcome.

For these reasons, the Repot and Recommendation (ECF No. 50) is **ADOPTED** as the opinion of this Court. Defendant Kipp's motion for summary judgment (ECF No. 39) is **GRANTED.** Because all pending claims are dismissed, Johnson's motion for discovery (ECF No. 58) is **DENIED. IT IS SO ORDERED.**

Date:   September 30, 2015                    /s/ Paul L. Maloney
                                                                        Paul L. Maloney
                                                                        United States District Judge